CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

THOMAS S. DRAPER,  )
    Petitioner,  )  Civil Action No. 7:07-cv-00274
    )
v.  )  **MEMORANDUM OPINION**
    )
WARDEN, BUCKINGHAM  )
CORR. CTR.,  )  **By: Hon. James C. Turk**
    Respondent.  )  **Senior United States District Judge**

Petitioner Thomas S. Draper, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Draper challenges his November 2004 conviction in the Circuit Court for the City of Roanoke for possession of marijuana with intent to distribute. Upon review of the record, the court finds that the petition must be summarily dismissed as untimely under the one-year statute of limitations now applicable to § 2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).

Pursuant to 28 U.S.C. § 2244(d)(1), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1

§2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

Draper pled guilty on November 3, 2004 in the Circuit Court for Roanoke City to two counts of possession of marijuana with intent to distribute. The court sentenced him to eleven years imprisonment, with six years suspended. Draper did not appeal. On November 2, 2006, Draper filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, raising claims that his guilty plea was invalid because he received ineffective assistance of counsel. The state court dismissed his petition by order dated March 23, 2007. On May 14, 2007, Draper filed his § 2254 petition in this court, claiming that ineffective assistance caused his guilty plea to be invalid.

Subsections B, C, and D of Section §2244(d)(1) clearly do not apply to Draper's case. He does not allege any facts indicating that state officials impeded his ability to file a federal habeas petition concerning his claims. Nor do any of his claims rely upon a constitutional right newly recognized by the United States Supreme Court. Moreover, he clearly knew the facts necessary to support his claims at the time of his conviction.

The timeliness of Draper's petition must be calculated, then, under Subsection A, based on the date upon which his convictions became final. A conviction becomes final once the availability of appeal is exhausted. See United States v. Clay, 537 U.S. 522 (2003). A criminal defendant in Virginia has only thirty days from the date of his conviction in which to file an

2

appeal. See Virginia Code §8.01-675.3. As Draper did not appeal his conviction, that conviction became final on December 3, 2004, when his opportunity to appeal expired. On that date, his federal limitation period under § 2244(d)(1)(A) began to run; it expired on December 5, 2005. Draper signed and dated his federal petition on May 14, 2007. Even considering this date as the date of filing, pursuant to Houston v. Lack, 487 U.S. 266 (1989), the petition is untimely under § 2254(d)(1)(A).

The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). As stated, Draper filed a state habeas petition in the Supreme Court of Virginia in November 2006. Because he did not file the state petition until after his federal statutory period had expired, however, the filing and pendency of the state petition did not affect the calculation of the federal period. Draper fails to offer any ground upon which equitable tolling of the statutory period is warranted in his case. Accordingly, the court concludes that his petition must be dismissed as untimely, pursuant to § 2244(d)(1)(A) and Rule 4 of the Rules Governing §2254 Proceedings.[1] An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability

---

[1]Rule 4 allows a judge to dismiss a federal habeas petition if it is clear from the face of the petition that the petitioner is not entitled to relief.

3

pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This _15th_ day of June, 2007.

_James C. Turk_
Senior United States District Judge

4